THIS was an action of assumpsit by the plaintiff against the defendant, brought on a store account. The declaration claimed 65l. 2s. 6d. and a verdict was rendered for 10l, 12s. 2d. only. The defendant moved in arrest of judgment, on the ground that the verdict was no more than the sum last mentioned. The district court of Prince Fdward, (in which the suit was brought and, the verdict rendered,) deeming the question arising on the point of law in the case to be difficult, adjourned the same to the general court. The accounts exhibited on the trial, were copied into the record. The first was an account raised against the defendant by James M‘Clellau, which begun in -November, 1791, and ended in September, 1794, making a, balance against the defendant, of 51l. 15s. 41/2d.
*132 The second was an account raised against the defendant, by M‘Clellan and Maitland, under the firm of James McClellan and Co., beginning in October, 1794, and ending in June, 1796; the first item in this account Was the above mentioned balance, transferred from the first account. The amount of this second account was 65l. 2s. 6d. The third was an account raised by the defendant against James M‘Clellan “ for sundries not credited in M‘Clellan’s account against M‘Dearman,” and consisted of three items in each of the years 1795, 6, and 7, am unting to 56l. 10s. 5d.
The general court, consisting of judges Tucker, Jones, and Stuart, November 15, 1802, decided “ that judg- “ naent upon the verdict rendered in the said cause ought “ to be arrested, because it doth not appear from the re- “ cord, that the plaintiff’s demand was reduced below the !1 sun? of one hundred dollars, by any set-off against the ‘ same offered on the part of the defendant at the trial.”
Vid. Neff v. Talbot.